**[This opinion has been published in *Ohio Official Reports* at 78 Ohio St.3d 311.]**

OFFICE OF DISCIPLINARY COUNSEL *v*. PHILLIPS.

**[Cite as Disciplinary Counsel v. Phillips, 1997-Ohio-66.]**

*Attorneys at law—Misconduct—One-year suspension reinstated—Failure to comply with conditions of probation of previous disciplinary proceeding.*

(No. 94-1810—Submitted January 22, 1997—Decided April 30, 1997.)

ON CERTIFIED REPORT of the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 93-86.

_____

{¶ 1} On December 7, 1994, we suspended respondent, Thomas Ewing Phillips of Chillicothe, Ohio, Attorney Registration No. 0008582, from the practice of law for one year, with that one year stayed, and we placed respondent on probation for two years on the following conditions: (a) that an attorney appointed by Disciplinary Counsel, relator, monitor respondent's law office and practice and management for these two years, (b) that respondent attend twelve hours of continuing legal education in law office management in addition to the twenty-four hours of CLE he is required to complete by December 31, 1996, (c) that respondent enter into a contract with the Ohio Lawyers Assistance Program ("OLAP") and abide by its terms for a minimum of the next two years, and (d) that no disciplinary complaints be certified to the Board of Commissioners on Grievances and Discipline ("board") by a probable cause panel within the next two years. *Disciplinary Counsel v. Phillips* (1994), 71 Ohio St.3d. 98, 642 N.E.2d 344.

{¶ 2} On February 16, 1996, respondent pled guilty to the misdemeanor of having an open container of beer or intoxicating liquor in a motor vehicle. By April 17, 1996, respondent had not yet participated in the Ohio Lawyers's Assistance Program, and on June 17, 1996, a probable cause panel of the board certified a formal complaint filed by relator alleging that respondent violated five Disciplinary

Rules and one Rule for the Governance of the Bar. Based on these facts relator filed an "Amended Petition for Revocation of Probation" on June 25, 1996. On October 10, 1996, pursuant to Gov.Bar R.V(9)(I), this court revoked respondent's probation and reinstated his original one-year suspension pending the issuance of a final order.

{¶ 3} A panel of the board held a hearing on this matter on July 19, 1996. Witnesses included Carl Jones, one of respondent's monitoring attorneys, William Haase, Director of OLAP, Dr. Richard O. Pelham, Clinical Director of OLAP, Jeanie Phillips, respondent's former wife, and respondent. On the basis of the evidence, the panel found that respondent had not entered into a contract with the OLAP, and by his own admission had used alcohol during his period of probation. The panel also found that on June 17, 1996, a certified disciplinary complaint was filed against the respondent.

{¶ 4} The panel recommended that respondent's two-year probation be revoked and that the order of December 7, 1994 suspending respondent for one year be reinstated with no probation.

_____

*Geoffrey Stern*, Disciplinary Counsel, and *Sally Ann Steuck*, Assistant Disciplinary Counsel for relator.

*Thomas Ewing Phillips, pro se.*

_____

**Per Curiam.**

{¶ 5} We adopt the findings and recommendations of the panel and hereby suspend respondent from the practice of law in Ohio for a period of one year from the date of this order. Costs of these proceedings taxed to respondent.

*Judgment accordingly*.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

January Term, 1997

_____